## Commonwealth v. Fidelity Trust Company

*Edward Friedman* and *Ralph S. Snyder*, for Commonwealth.

*John Y. Scott*, for appellant.

RICHARDS, P. J., June 15, 1960.—Clara Eliza De-Villiers died June 17, 1955, a resident of the Cape of Good Hope, Union of South Africa. Her will, or an exemplified copy thereof, was admitted to probate in the office of the Register of Wills of Allegheny County, Pa., on August 22, 1955, and on the same day the Fidelity Trust Company, of Pittsburgh, was duly appointed administrator c. t. a.

Decedent had, on April 28, 1911, we believe while a resident of the City of Pittsburgh, created an irrevocable deed of trust composed of intangibles. At the time of her death, the Fidelity Trust Company was one of her trustees, and the physical assets of the trust were in its custody and possession.

The Department of Revenue was first notified of her death by the administrator c. t. a. July 23, 1956. Thereafter a report was filed with the Department of Revenue which disclosed the existence of the trust and the assets thereof, but did not reveal that such assets were located in Pennsylvania. It did disclose, however, the existence of 10 shares of Westinghouse Electric

Corporation stock in Pennsylvania valued at $698.75. This stock was not in the trust but in the custodial account with the Fidelity Trust Company. The tax on this stock was paid and a waiver issued.

Thereafter, the Commonwealth learned that the assets of the inter vivos trust were actually in Pennsylvania and billed the Fidelity Trust Company for the tax thereon. That precipitated the present appeal.

The Commonwealth has filed a motion to quash the appeal since it is premature. We shall, therefore, consider this motion without considering the merits of the case.

The controlling law in this case is The Fiscal Code of April 9, 1929, P. L. 143, sec. 1202, as amended, relating to the assets of nonresident decedents, and is found in 72 PS §1202. We quote the pertinent parts thereof as follows:

"The Department of Revenue shall exercise the following powers . . . in connection with the collection of transfer inheritance taxes on transfers from estates of nonresident decedents:

"(a) Whenever property within this Commonwealth is transferred from a decedent, who was a nonresident of the Commonwealth at the time of death, the Department of Revenue, whenever occasion may require, on the application of any interested party, or upon its own motion, shall appoint an appraiser to appraise the value of such property if subject to transfer inheritance tax. Every such appraiser shall forthwith give notice by mail, to such person as the Department of Revenue shall direct, of the time and place when and where he will appraise such property. He shall, at such time and place, make a fair conscionable appraisement of said property, and assess and fix the cash value of all annuities on life-estates growing out of said estates, upon which annuities and life-estates the tax imposed by this act shall be immediately pay-

able out of the estate, and he shall make report thereof and of such value in writing to the Department of Revenue, which report shall be filed in the office of the department, and the department shall immediately give notice thereof by mail to all parties known by it to be interested therein; . . .

"(c) Any person not satisfied with the appraisement, made by an appraiser appointed by the Department of Revenue, may appeal within thirty days, to the court of common pleas of Dauphin County, on paying or giving security to pay all costs, together with whatever tax shall be fixed by the court. Upon such appeal, the court may determine all questions of valuation, and the liability of the appraised estate for such tax, subject to the right of appeal to the Supreme or Superior Court."

It seems to be apparent that the object of this statutory provision is three-fold: (1) To determine the taxable estate; (2) to determine the value of the taxable estate, and (3) to afford an opportunity of appeal in the case of disagreement. The record before us discloses that, no matter whose fault it may be, these statutory provisions were not followed. Consequently no right of appeal presently exists.

As far as we have been able to ascertain, the matter of interpreting this section has not yet been passed upon by the courts. Most appeals from transfer inheritance taxes arise in the case of resident decedents. In the case of nonresidents, when the parties agree upon the amount of tax, there is no necessity of an appraisement, which is what the statute means when it says "whenever occasion may require." Furthermore, we understand that in most nonresident decedents cases where there are trust assets in Pennsylvania, the settlor is a resident of some other State in this country as to which reciprocity exists. There seems to be no reciprocity between this State and the Union of South

512

Africa. This probably explains the absence of cases on the subject. We are forced to conclude, therefore, that this appeal is premature and that the motion to quash must be sustained. We shall enter an order accordingly with this observation: We strongly urge that the Department of Revenue make an appraisement as provided by law of its own motion in order to preserve the rights of this appellant should this case come before us on the merits. In sustaining this appeal, it is without prejudice to the rights of appellant to bring an appeal after the appraisement has been made.

### Order

And now, June 15, 1960, the motion to quash is sustained, subject to the admonitions set forth above.